VICTOR MARRERO, United States District Judge.
Defendant Ariosto Matos ("Matos") moved for pre-trial release and return of seized property ("Motion," Dkt. No. 8) in connection with his arrest prior to the issuance of a one-count indictment dated June 2, 2017, which charges him with distribution and possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(b) (1)(A) (Dkt. No. 1). Matos so moved pursuant to the Fourth and Fifth Amendments of the United States Constitution, 18 U.S.C. § 3060, and Federal Rule of Criminal Procedure 5.1 (" Rule 5.1").
Matos was arrested on May 15, 2017, during the course of a sting operation in the Bronx. (Motion at 1.) The next day, on May 16, 2017, Matos was presented before Magistrate Judge Gabriel Gorenstein, at which time (1) a Homeland Security Investigations agent swore to a complaint; (2) Matos was ordered detained without bond for fourteen days; and (3) Magistrate Judge Gorenstein scheduled a preliminary hearing for the fourteenth day after Matos's initial appearance, which was May 30, 2017. (See Hr'g Tr., May 16, 2017, United States v. Matos, No. 17-mj-3666, Dkt. No. 6.)
In the days leading up to May 30, 2017, the Government conveyed to defense counsel that it did not believe it would be able to indict Matos before the preliminary hearing date. (Motion at 1.) Following failed negotiations between the parties regarding extending the time for the preliminary hearing, the Government released Matos and dismissed the charges against him on May 30, 2017. (See id. at 1-2; United States v. Matos, 17-mj-3666, Dkt. No. 5.) The Government communicated to defense counsel that it expected to procure an indictment by June 2, 2017 and arranged for Matos to self-surrender when the indictment issued. (See Motion at 2.)
On June 1, 2017, Drug Enforcement Administration agents arrested Matos at John F. Kennedy International Airport while he waited to board a flight to the Dominican Republic. (See id. ) Matos alleges that Government agents seized $4,210 in cash from him during the course of the arrest. (See id. ) The next day, on June 2, 2017, Matos was presented before Magistrate Judge Barbara Moses and arraigned on an indictment. (See Dkt. Nos. 1 & 2.)
Matos argues that the Government "violated Mr. Matos's constitutional and statutory rights when it sidestepped a probable cause hearing and re-arrested Mr. Matos *564 on June 1, 2017." (Motion at 3.) According to Matos, the Government violated Matos's procedural due process rights by effectuating a second arrest and holding Matos "for a fifteenth night without judicial approval pursuant to Fed. R. Crim. P.5.1." (Defendant's Reply Memorandum of Law in Support of his Motion, Dkt. No. 10, "Reply Mem." at 1.) Matos sought "pretrial release with conditions and return of property seized during his re-arrest." (Motion at 6.)
On October 27, 2017, the Court denied the Motion. This Decision and Order sets forth the findings, reasoning, and conclusions referenced in the Court's previous ruling.
Pursuant to Federal Rule of Criminal Procedure 5(a)(1)(A), "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge." Fed. R. Crim. P. 5(a)(1)(A). In addition, pursuant to Rule 5.1(c), a preliminary hearing must be held "within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody." Fed. R. Crim. P. 5.1(c). A preliminary hearing need not take place if the defendant is indicted. Fed. R. Crim. P. 5.1(a)(2). A failure to timely hold a preliminary hearing requires that a defendant be "discharged from custody ... without prejudice, however, to the institution of further criminal proceedings against him upon the charge upon which he was arrested." 18 U.S.C. § 3060(d) ; United States v. Williams, 526 Fed.Appx. 29, 36 (2d Cir. 2013).
Here, in compliance with 18 U.S.C. § 3060(d), the Government released Matos from custody and dismissed the complaint against him on May 30, 2017, the fourteenth day after his initial presentment. Similarly, the Government acted lawfully when it arrested Matos on June 1, 2017 based on probable cause, which Matos does not dispute. (Reply Mem. at 1 ("Mr. Matos does not dispute the existence of probable cause for either of his arrests.").) The Government legally held Matos in custody following his arrest and properly presented and arraigned Matos approximately seventeen hours after he was arrested (Government's Opposition to Defendant's Motion, Dkt. No. 9, at 7). See Fed. R. Crim. P. 5(a)(1)(A) ; Atwater v. City of Lago Vista, 532 U.S. 318, 352, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) ("[A]nyone arrested for a crime without formal process, whether for felony or misdemeanor, is entitled to a magistrate's review of probable cause within 48 hours."); see also Stewart v. Abraham, 275 F.3d 220, 229 (3d Cir. 2001) ("There is no precedent of which we are aware ... for the proposition that the federal Constitution prohibits the reinitiation of a criminal proceeding in such a manner where double jeopardy has not attached and no pattern of prosecutorial harassment has been alleged.").
When Matos was held on the night of June 1, 2017, he was not held for a "fifteenth night" as Matos argues (Reply Mem. at 1). The initial charges against him had been dropped and he had been released, thus the clock for the purposes of Rule 5.1 had been reset. The Court is not persuaded by Matos's argument that the Government was obligated to file a new complaint before re-arresting Matos. (See id. at 3-4.) Neither the plain language of Rule 5.1 nor 18 U.S.C. § 3060(d) states such a rule and Matos has not provided any case law on point. In fact, in the oral argument cited by Matos, the Court noted that while the defendant whose complaint had been dismissed could not "simply ... [be held] unilaterally with no judicial process," he could have been "release [d]" and "rearrest[ed]" (See Hr'g Tr., 8:24-9:3, Aug. 31, 2017, United States v. Dejesus, No. 17-cr-370, Dkt. No. 43.).
*565 Pursuant to 18 U.S.C. § 3060(d), when a defendant is released, it is without prejudice to the initiation of further criminal proceedings for the charge upon which he was arrested. It follows that the new criminal proceedings can be initiated in any of the ways a criminal action can ordinarily be brought within the limits of the law, including by arrest based on probable cause.
For the reasons set forth above, it is hereby
ORDERED that the motion (Dkt. No. 8) of Ariosto Matos for pre-trial release and return of seized property is DENIED .
SO ORDERED.